IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sterline Harris, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 18-cv-05874 |
| -*vs*- | ) |
| | ) *(Judge Lee)* |
| Sheriff of Cook County, Cook | ) |
| County, Illinois, Correctional | ) |
| Detective Sweeney #17445, | ) |
| Correctional Deputy Kim #17481, | ) |
| | ) |
| *Defendants.* | ) |

## AMENDED COMPLAINT

Plaintiff, by counsel and pursuant to Federal Rule of Civil Procedure 15(a)(1), files this Amended Complaint and alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133 and 28 U.S.C. § 1343.

2. Plaintiff Sterline Harris was a detainee at the Cook County Jail in August of 2016. He is not currently confined in any jail, prison, or other correctional facility.

3. Plaintiff suffers from serious mental health problems that prevent him from engaging in everyday life activities.

4. Defendant Sheriff of Cook County is sued in his official capacity.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Defendants Correctional Detective Sweeney #17445 and Correctional Deputy Kim #17481 were at all relevant times acting under color of their authority as correctional officers employed by the Sheriff of Cook County; plaintiff sues Sweeney and Kim in their individual capacities.

7. Plaintiff entered the Cook County Jail on January 27, 2016 as a pretrial detainee.

8. Jail personnel determined that plaintiff was disabled and established a mental health treatment plan to attempt to accommodate his disability.

9. On August 26, 2016, plaintiff was assigned with other mentally disabled detainees to a housing unit at the Cook County Jail known as Division 10 Tier 4C.

10. The policymakers at the Cook County Jail knew, in August of 2016, that detainee-on-detainee violence was common within the Cook County Jail, including within the housing units used for mentally disabled detainees.

11. The policymakers at the Cook County Jail knew, in August of 2016, that detainee-on-detainee violence would be reduced by assigning more than two officers to supervise a housing unit.

12. The policymakers at the Cook County Jail knew, in August of 2016, that the presence of two correctional officers on plaintiff's tier in Division 10 would be insufficient to deter detainee-on-detainee violence.

13. Pursuant to an official policy or widespread practice at the Jail, two correctional officers, defendants Sweeney and Kim, were assigned to supervise the detainees on Division 10 Tier 4C in the evening of August 26, 2016.

14. At about 8:50 p.m. on August 26, 2016, defendants Sweeney and Kim observed several detainees attack plaintiff.

15. Defendant Sweeney and Kim could have promptly intervened to stop the attack on plaintiff.

16. Rather than promptly intervening to stop the attack on plaintiff:

   (a) Defendant Sweeney sauntered to the scene of the beating; the attack stopped upon Sweeney's delayed arrival on the scene, and

   (b) Defendant Kim stood by and observed the attacking without taking any action to intervene.

17. Plaintiff suffered serious personal injuries as the direct and proximate result of defendant Sweeney's and defendant Kim's failure to intervene and defendant Sheriff's failure to assign sufficient officers to prevent attacks in housing units used for mentally disabled detainees.

18. As a result of the foregoing, plaintiff was discriminated against because of his disability and deprived of rights secured by the Fourth and Fourteenth Amendments to the constitution of the United States.

19. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants, that appropriate punitive damages be awarded against defendants Sweeney and Kim, and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*

-4-